GEORGE R. BALDWIN, SR., Individually and as a Member of the Board of Supervisors of Erie County, Respondent-Appellant, v. CITY OF BUFFALO, Appellant-Respondent, et al., Defendants.— Judgment and order affirmed, without costs of these appeals to any party. Memorandum: In affirming we do not reach the issues presented as to the legal sufficiency of the second cause of action set forth in the complaint or the third cause of action seeking a declaration that the Local Law is inoperative unless and until approved by a majority of the qualified electors of the City of Buffalo voting upon the Local Law. All concur except McCurn, P. J., who dissents and votes for reversal in the following memorandum: The essential question for determination on this appeal is whether or not Local Law No. 1 of the Local Laws of 1959 of the City of Buffalo, changing the ward boundaries of the City of Buffalo, comes within the purview of "property, affairs or government" of the city, as those words are used in section 12 of article IX of the State Constitution and section 11 (subd. 1, par. [a]) of the City Home Rule Law. The first sentence of section 12 of article IX of the Constitution gives every city the "power to adopt and amend local laws not inconsistent with the constitution and laws of the state relating to its property, affairs or government." The second sentence of that section provides that "Every city *shall also have the power* to adopt and amend local laws not inconsistent with this constitution and laws of the state, and whether or not such local laws relate to its property, affairs or government, in respect to the following subjects: the powers, duties, qualifications, number, mode of selection and removal, terms of office and compensation of all its officers and employees except of members of the governing elective body of the county in which such city is wholly contained". (Emphasis supplied.) Thus the second sentence of section 12 does not limit or modify the power expressed in the first sentence, but by express language adds thereto the power to legislate with respect to its officers and employees, not including supervisors, whether or not such legislation relates to its property, affairs or government. Section 11 (subd. 1, pars. [a], [b]) of the City Home Rule Law implements this provision of the Constitution. Neither the second sentence of section 12 of article IX of the Constitution nor section 11 (subd. 1, par. [b]) of the City Home Rule Law forbids the enactment of a local law relating to the property, affairs or government of a city as provided for in the first sentence of section 12 of article IX of the Constitution and by section 11 (subd. 1, par. [a]) of the City Home Rule Law. The law in question does not increase the number of wards in the city. It does not deprive citizens within the portion of the city affected by the change of boundary lines of representation in the Board of Supervisors. It has no application to the public at large or to any city of the State other than the City of Buffalo. It is purely a matter of local concern. It is within the category of "property, affairs or government" of the city and is not inconsistent with the Constitution or laws of the State. Inspection of the compilation entitled "Local Laws of Cities, Counties and Villages" by the Secretary of State indicates that the practice of changing ward boundaries, at least since the adoption of the 1938 Constitution and the enactment of the City Home Rule Law, is by local legislation. I therefore conclude that Local

Law No. 1 is valid and that it is not subject to mandatory referendum. (Cross appeals from a judgment of Erie Special Term adjudging Local Law No. 1 (1959) to be inoperative for the election of supervisors, etc., and directing the Board of Elections to recognize the boundaries as they previously existed; plaintiff's appeal is from that part of judgment dismissing his second cause of action. Also appeal by defendant city from order of the same court and Justice restraining defendant from taking any steps for nomination and election of supervisors under Local Law No. 1 until final determination of the action.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.